## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

PETER VALLECILLO,
    **Plaintiff**

v.

ADVOCACY, INC.,
    **Defendant.**

§
§
§
§
§
§
§
§

**Civil Action Number:**

# SA04CA0909 WWJ

## COMPLAINT

Plaintiff, PETER VALLECILLO, by and through his undersigned attorney,

complains of the Defendant, ADVOCACY, INC. as follows:

### I.
### JURISDICTION and VENUE

1. This action is brought pursuant to the Anti-Retaliation Provision of Title VII

of the Civil Rights Act of 1964, as amended.

2. Jurisdiction in this Court is proper under 28 U.S.C. § 1331.

3. Venue in this Court is proper under 28 U.S.C. § 1391 (b) and (c) because the

Defendant is a corporation that is subject to personal jurisdiction in this judicial district

and because this judicial district is where a substantial part of the events or omissions

giving rise to the asserted claims occurred.

### II.
### PARTIES

4. Plaintiff is an individual residing in San Antonio, Bexar County, Texas.

5. Defendant, ADVOCACY, INC. is a domestic non-profit corporation organized

under and existing under the laws of the State of Texas, with an office and place of business

1



located in San Antonio, Bexar County, Texas. The Defendant may be served with process by serving its agent of service Ms. Mary S. Faithfull, 7800 Shoal Creek Boulevard, Suite 171 E, Austin,  Texas 78757.

### III.
### FACTS

6.   The Plaintiff was hired as an Intake Specialist on August 3, 2002 at the Defendant's San Antonio South Region Office.

7.  On or about October 29, 2002, the Plaintiff contacted Matt Trietsh, Defendant's Human Resources representative, to discuss his intentions to terminate his employment in January 2003 and was advised by Trietsh that the Defendant would not retaliate for this type of notice.

8.  On or about October 29, 2002, the Plaintiff disclosed to Matt Trietsh, Defendant's Human Resources representative, he was terminating his employment because of the existence of hostile working environment and gender discrimination and wanted to leave without incident.

9.   On or about October 29, 2002, the Plaintiff was asked by Matt Trietsh, Defendant's Human Resources representative, to meet and discuss the office environment with Patty Anderson, Defendant's Assistant Executive Director, the Plaintiff agreed with the understanding and guarantee there would be no reprisal or retaliation for doing so.

10. On November 14, 2002, the Plaintiff was assigned by his supervisor, Anna Gray, to make informational changes to case intakes closed by other employees in the Defendant's computerized system of case intakes, which he reasonably was a fraudulent act;

11. On November 15, 2002, the Plaintiff was directed by his supervisor, Anna Gray,

to continue making informational changes to case intakes closed by other employees in the Defendant's computerized system of case intakes.

12. On November 15, 2002, the Plaintiff disclosed to Virginia C. Honeyman, attorney hired by the Defendant, and Patty Anderson, Defendant's Assistant Director, the existence of favoritism, harassment, hostile working environment, and gender discrimination during an interview and investigation into the office environment.

13. On November 15, 2002, the Plaintiff was presented a mid term performance evaluation by his supervisor, Anna Gray, which the Plaintiff asserts that it discriminatorily misrepresented his work performance and was the only documented evaluation of his work performance during his entire tenure of employment with the Defendant.

14. On November 18, 2002, the Plaintiff submitted a rebuttal to his mid term work performance evaluation to his supervisor, Anna Gray, Executive Director Mary Faithful, and Assistant Director, Patty Anderson asserting it was unfair and retaliatory for disclosures of discrimination he made.

15. On November 18, 2002, the Plaintiff contacted Virginia C. Honeyman, attorney hired by Defendant, and disclosed to her that her investigation and interview of November 15, 2002 was unethical and its intent was to obtain information regarding employee Michael Bryan's Equal Employment Opportunity Commission complaint filed against the Defendant and not an investigation into the office environment; to which she admitted was true.

16. On November 18, 2003, the Plaintiff contacted Thomas Price; Equal Employment Opportunity Commission federal investigator assigned to Michael Bryan's discrimination claim and informed him of his telephone conversation with Virginia C. Honeyman, attorney

hired by the Defendant and explained that Ms. Honeyman admitted her investigation was related to Mr. Bryan's EEOC complaint and not the office environment and had intentionally misled and falsified the focus of the Defendant's investigation.

17. On or about November 21, 2002, the Plaintiff through an email communication informed Elva Cardenas, President Communication Workers of America Union Local 6182 and his supervisor, Anna Gray he would be filing a complaint with the National Labor Relations Board.

18. On November 25, 2002 the Plaintiff was terminated by his supervisor's, Anna Gray, and was accompanied by Steven Yelenosky, Defendant's Legal Director, and informed "it was not working out", denied a request for a witness to be present, and was humiliated in the process of his termination.

19. On November 25, 2002 the Plaintiff filed a complaint against the Defendant with the National Labor Relations Board based on retaliation for his participation in union protective activities but the Plaintiff did not file an appeal on the NLRB's determination.

20. On November 26, 2002, the Plaintiff filed a complaint with the Equal Employment Opportunity Commission based on retaliation for his participation in EEOC protected activities, gender discrimination, harassment, and hostile working environment which was dismissed in August 2004 and Plaintiff filed law a law suit in federal court.

21. In February 2003, the Plaintiff contacted Ms. Janice Davis with Department of Health and Human Services after learning from EEOC investigator Mercedes Ramirez that the Defendant had alleged he did not perform his job responsibilities as a response to their non-discriminatory reasons for this termination.

4

22.  In March 2003 Congressman Rodriguez was contacted to intervene on the Complainant's behalf and against Department of Health and Human Services for it unwillingness to accept his complaint against the Defendant.

23.  On or about March 14, 2003, Ms. Mary Faithful, Executive Director Advocacy, was presented a letter by the Complainant informing her he would publicly advocate in bringing to the forefront the Defendant's discriminatory practices.

24.  On or about March 19, 2003, the Plaintiff contacted Ms. Janice Davis and EEOC investigator Mercedes Ramirez and informed them he was assisting Mr. Bryan in his unemployment hearing with the Texas Workforce Commission and that Ms. Anna Gray appeared to be intentionally misrepresenting the facts through her testimony.

25.  On or about May 16, 2003, the Plaintiff filed a formal complaint against the Defendant with Janice Davis and the Department of Health and Human Services raising several claims, including his assertions that the "conflict of interest" resulting in the "discrimination, harassment, hostile working environment, retaliation; in addition to, mismanagement of federal funds, and unethical conduct during the course of an EEOC investigation.

26.  In a letter dated July 14, 2003, Ms. Janice Davis and the Department of Human Services formally asked the Plaintiff for information and evidence that would substantiate his claims against the Defendant and inform him, *As you may be aware, this office in conjunction with Administration on Developmental Disabilities, will be conducting a Monitoring and Technical Assistance Review (MTARS) of Advocacy, Inc., compliance with the Developmental Disabilities Assistance and Bill of Rights Act (Public Law 106-402), and to*

*provide technical assistance. To the extend possible, we encourage your response to the above items before the on-site visits next month.*

27. On or about August 14, 2002, the Plaintiff faxed Ms. Davis and the Department of Health and Human Services a letter dated August 12, 2003 outlining his responses to Janice Davis' and the Department of Health and Human Service's requested information listed in her/their letter dated July 14, 2003, including a list of the Defendant's client list in which the Plaintiff's processor was asked to make fraudulent changes to information in the Defendant's computerized system.

28. On or about August 14, 2003, the Plaintiff contacted Ms. Davis and asked when the Department of Health and Human Services would implement its review of the Defendant. The Plaintiff was informed the Department of Health and Human Services would conduct its first public hearing beginning on August 18, 2003 and scheduled in Austin, Texas.

29. On or about August 18, 2002, the Defendant served the Plaintiff with a Temporary Restraining Order (TRO) as a result of the complaint he filed with the DHHS.

30. The Plaintiff asserts and as noted by Temporary Restraining Order Mary Faithful, the Defendant's Executive Director, received the Plaintiff's information and evidence from Janice Davis and the Department of Health and Human Services on August 14, 2003.

31. The Defendant's Temporary Restraining Order argued that the Plaintiff violated a confidentiality agreement he signed as an employee when he released a list of client names to the Department of Health and Human Services (DHHS). The list in question was submitted as evidence in support of a complaint he filed against the Defendant at the request of the Department of Health and Human Services.

6

32.  The Defendant's Temporary Restraining Order contends the Plaintiff did not violate their confidentiality agreement by releasing the names to the Department of Health and Human Services but asserted he did violate their confidentiality agreement when he supposedly released the list of client names to Congressman Ciro Rodriquez and EEOC investigator, Mercedes Ramirez.

33.  The Defendant's Temporary Restraining Order accused the Plaintiff of being repeatedly reprimanded for not performing his job responsibilities and given ample opportunity to improve his performance.  The Plaintiff asserts the Defendant never submitted such documents to the EEOC during the investigation of the Plaintiff first claim against the Defendant and further, the Plaintiff received only one mid term work performance evaluation on November 15, 2002; submitted his rebuttal on November 18, 2004, and was terminated on November 21, 2004.

34.  The Defendant's Temporary Restraining Order further accused the Plaintiff of being involved in conspiracy and filed frivolous complaints with the Equal Employment Opportunity Commission, National Labor Relations Board, and the Department of Health and Human Services.

35.  The Plaintiff asserts that the Defendant had knowledge that he was assisting Michael Bryan, ex-employee, in the hearing and appeal process with Texas Workforce Commission in which he was alleging wrongful termination based on discrimination prior to being served with the Temporary Restraining Order on August 18, 2004.

36.  Plaintiff asserts that the Defendant had knowledge he had filed a complaint with the Texas State Bar Grievance Committee raising the issue of the existence of a conflict of

interest between the Defendant's General Counsel and the Texas Commission for the Blind prior to being served with the Temporary Restraining Order on August 18, 2004. Mr. Bryan's termination was based on his unwillingness to sign a document stipulating he would cease working on a case that was challenging the Texas the Commission for the Blind on a "disability" claim. The Texas Commission for the Blind was being represented by an attorney employed by the Defendant's General Counsel.

37.   On or about August 21, 2003, Congressman Ciro Rodriguez provided the Plaintiff a letter acknowledging he did not receive a copy of the client list identified in the Defendant's Temporary Restraining Order.

38.   On or about January 20, 2004 the Plaintiff filed a second claim against the Plaintiff based on retaliation discrimination in violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended.

39.   The Temporary Restraining Order court trial was held on or about March 22, 2004 and a ruling was made against the Defendant and a determination was reached in favor of the Plaintiff.

40   On May 14, 2004 the Equal Employment Opportunity Commission issued a Letter of Determination finding that there was evidence to show that in the Defendant's Temporary Restraining Order was based on factual background that the Plaintiff filed a variety of frivolous complaints, to include complaints filed with the EEOC.

41.   The Equal Employment Opportunity Commission Determination Letter of May 14, 2004 further found that *based on an analysis of the evidence, it appears the Respondent's defense to seeking the Temporary Restraining Order against the Charging Party is*

*pretextual. Thus I conclude Charging Party was discriminated against in violation of Title VII in his protected opposition to discrimination was a factor in Respondent's decision to seek a Temporary Restraining Order against him.*

42. The EEOC issued a Notice of Right to Sue to the Plaintiff signed and dated July 12, 2004 and which was received by the Plaintiff on July 14, 2004 notifying the Plaintiff that it had found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief to him. A copy of said Notice of Right to Sue is attached hereto as Exhibit "A".

43. Plaintiff was born on December 6, 1953.

44. Plaintiff is an employee within the meaning of Title VII and belongs to a class and activity protected under the Act.

45. Defendant is an employer within the meaning of Title VII.

## IV.
## CAUSE OF ACTION

46. Defendant acted at all times relevant with the intent to retaliate against Plaintiff in his employment on the basis of his participation in protective activity as stated above. Hence, Defendant's actions and conduct in retaliation against the Plaintiff as stated herein constitute violations of Title VII of the Civil Rights Act of 1964. As a direct and proximate result of such actions, Plaintiff has suffered and will continue to suffer loss of income, loss of employment benefits, damage to his reputation and credit, emotional distress, and mental anguish and has further incurred and will continue to incur attorney's fees and costs in the

prosecution of this case.

47.     The actions taken against Plaintiff were  in retaliation against Plaintiff for his objections to the discriminatory conduct and actions by Defendant's employees and agents.

48.     All conditions precedent to Plaintiff's right to bring this action have been performed or have otherwise occurred.

## V.
## ATTORNEYS FEES

49.     Plaintiff is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer herein to Plaintiff's Complaint, and that upon final trial of these matters that the Court enter a judgment granting the following relief to Plaintiff:

1. Award Plaintiff all compensatory damages  incurred in this lawsuit;

2. Plaintiff be awarded damages for damage to his reputation and credit, emotional distress and mental anguish;

3. Plaintiff  be awarded exemplary damages;

4. Defendant be ordered to pay all reasonable attorney's fees and court costs incurred herein by Plaintiff;

5. Plaintiff be granted such other relief which he may be entitled to both in law and in equity.

Plaintiff requests a jury trial.

10

Respectfully Submitted,

LAW OFFICES OF ARTHUR G. VEGA
115 Villita
San Antonio, Texas 78205
Telephone:   (210)224-8888
Facsimile: (210)225-7751

ARTHUR G. VEGA
State Bar No. 20533600

ATTORNEY FOR PLAINTIFF

11

# Exhibit "A"

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Peter Vallecillo<br>9506 Wahada<br>San Antonio, Texas 78217 | From: | Equal Employment Opportunity Commission<br>San Antonio District Office<br>5410 Fredericksburg Road, Suite 200<br>San Antonio, Texas 78229 |

☐  *On behalf of person(s) aggrieved whose identity is*
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 360 2004 03447 | Travis Hicks, Enforcement Supervisor | (210) 281-7603 |

### TO THE PERSON AGGRIEVED:

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### – NOTICE OF SUIT RIGHTS –
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

_____        7/12/04
Pedro Esquivel, District Director         *(Date Mailed)*

cc:      Advocacy, Inc.